## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| AXIS WORLDWIDE SUPPLY CHAIN & LOGISTICS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:19-cv-2491 MTS |
| HARBOR FREIGHT TRANSPORT CORP., | ) ) ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Compel, Doc. [46]. The Motion has been fully briefed and is ready for adjudication. Defendant has objected to multiple matters for examination that Plaintiff seeks in its Rule 30(b)(6) deposition of Defendant. Specifically, Defendant has objected to the following matters: (1) disciplinary actions taken by Defendant against employees involved in shipping the crates at issue; (2) Defendant's compliance with discovery; and (3) Defendant's use of its "terms and conditions" on other customers.[1]

District courts have "very wide discretion" in handling discovery matters. *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017). Under Fed. R. Civ. P. 26(b), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[1] On every matter for examination, including these three, Defendant asserted general objections, objecting "to the extent" the request is or does a particular thing. *See* Doc. [47-2]. In its opposition briefing, the Defendant did not clarify or refine any of these general objections, and so the Court will disregard them. *See e.g.*, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) (noting a general objection that purports to object to a discovery request "'to the extent'" that it does something "is tantamount to asserting no objection at all.").

expense of the proposed discovery outweighs its likely benefit." The Rule makes clear that the information "need not be admissible in evidence to be discoverable." *Id.*

The Court finds the matters for examination to which Defendant has objected are plainly relevant to Plaintiff's claims and that including them in the Rule 30(b)(6) deposition would be proportional to the needs of the case. The Court notes that Defendant thus far has designated only one person, Steve Liberti, President and Owner of Harbor Freight, to testify on the matters. It has not put forth an explanation why requiring Mr. Liberti, or another representative, to testify on these three additional relevant, nonprivileged matters would not be proportional to the needs of the case.

On the second topic at issue, Defendant points out that discovery on discovery or so-called meta-discovery generally is not warranted based on a mere hunch that a party failed to produce discovery. *See, e.g.*, *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). Here, however, there is not a hunch but a disconnect between the parties regarding what Plaintiff requested. Defendant does not argue that the communications at issue do not exist but that Plaintiff "did not request the 'internal communications[.]'" Doc. [51].  But Plaintiff requested "[a]ll documents relating to the shipment of the two crates at issue" and defined "document" to include "correspondence" and "communications of any type, including inter- and intra-office communications, e-mails, [and] deleted e-mails." Doc. [55]. Given this disconnect, the Court finds it appropriate to give Plaintiff the leeway to ask about this matter in the deposition in an effort to resolve this specific issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel, Doc. [46], is **GRANTED**. Defendant's general objections are overruled, and Defendant is ordered to designate and produce a witness to testify on its behalf on topics 8, 11, 21–23, and 25.

Dated this 17th day of November, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE