UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AXIS WORLDWIDE SUPPLY <br> CHAIN AND LOGISTICS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> HARBOR FREIGHT TRANSPORT CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:19-cv-02491-MTS <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Harbor Freight Transport Corp.'s Motion for Partial Summary Judgment, Doc. [66]. A moving party is entitled to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Defendant, as the party moving for summary judgment here, "bears the initial burden to 'bring up the fact that the record does not contain' a genuine dispute of material fact 'and to identify that part of the record which bears out his assertion.'" *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017) (quoting *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988)). Plaintiff, as the nonmoving party here, then either must "cit[e] to particular parts of materials in the record" that demonstrate a dispute exists or must "show[] that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B).

In this case, nonparty TerraSource hired Plaintiff to make all necessary arrangements to transport two distinct pieces of heavy machinery for it, with one going to Argentina and the other to Sweden. Plaintiff in turn hired Defendant to receive, load, secure, block, brace, and then transport the two crates in New Jersey to the Port Newark/Elizabeth Marine Terminal. Somehow

the crate Plaintiff wanted transported to Sweden ended up in Argentina, and the crate Plaintiff wanted transported to Argentina ended up in Sweden. Plaintiff alleges that this error caused it damages. The parties disagree on who caused the error, but more relevant here, the parties disagree on whether the "terms and conditions" that were available on Defendant's website and that purport to cap its liability at $500 per shipment apply in this case. Because Defendant argues those terms and conditions do apply, it seeks partial summary judgment that Plaintiff's recovery would be limited to a maximum of $1000 for the two shipments. Summary judgment on this issue, however, is inappropriate at this juncture because the content of the terms and conditions at issue are genuinely disputed.

With its Statement of Uncontroverted Material Facts ("SUMF"), Defendant submitted a Declaration of Joseph N. Mattio. Doc. [68-2]. As an exhibit to that declaration, the declarant submitted a "true and accurate copy of Harbor Freight's standard terms and conditions" and noted that Defendant's "standard terms and conditions includes a section governing liability and limitation of damages." *Id.* ¶ 17. But, as Plaintiff argues, this does not establish what the terms and conditions were *at the time the parties contracted*. In its SUMF, Defendant cites to deposition testimony of its Rule 30(b)(6) corporate witness, Steve Liberti, Jr. But in his testimony, Mr. Liberti acknowledged that the copy of the terms and conditions Defendant argues apply in this case are not dated. Doc. [74-4] at (106:4–6). While he testified that the terms and conditions had "not changed dramatically" since Defendant first put them in place between eight and ten years ago, he also testified that he "d[id] not recall any specific changes" that Defendant made to them. *Id.* at (106:16–22). He went on to say that while he "believe[d]" they were the same terms and conditions on Defendant's website at the time at issue, he did "not recall if anything has changed" in them. *Id.* at (107:3–11).

Plaintiff has shown that the materials Defendant cited on this particular issue do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1)(B). The lack of knowledge by the Defendant itself[1] regarding its own terms and conditions could lead a rational trier of fact to believe that the terms and conditions that Defendant now puts forth, and which favor it dramatically, were not those in place when the parties contracted. As such, summary judgment on this issue would be inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986) ("[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Defendant also moves for partial summary judgment on the issue of punitive damages. Under New Jersey law,[2] punitive damages are allowed only in "exceptional cases . . . as a punishment of the defendant and as a deterrent to others from following his example." *Pavlova v. Mint Mgmt. Corp.*, 868 A.2d 322, 326 (N.J. Super. Ct. App. Div. 2005) (quoting *Di Giovanni v. Pessel*, 260 A.2d 510 (N.J. 1970)). To warrant punitive damages, a defendant's actions must have been done with "actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J. Rev. Stat. § 2A:15–5.12(a). No degree of negligence, even gross negligence, warrants punitive damages under New Jersey law. *Id.* Defendant argues that there is no evidence in the record that establishes conduct that warrants punitive damages under New Jersey law, and Plaintiff has failed to point the Court to any evidence in the record that would create a genuine issue for trial on the punitive damages issue. As such, summary judgment on this issue is appropriate. *Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, 953 F.3d 541, 545 (8th Cir. 2020) ("Where the record taken as a whole could not

---

[1] "The purpose of a 30(b)(6) witness is for them to testify on behalf of the corporation." *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09-cv-01252-ERW, 2014 WL 6390655, at *1 (E.D. Mo. Nov. 14, 2014); *see also Est. of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 304 (N.D. Iowa 2013).

[2] The parties' briefing analyzes the legal issues in this case, including the punitive damages issue, using the substantive law of New Jersey, where Defendant is a citizen.

lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc))); *see also Mendez v. United States*, 1:14-cv-7778-NLH, 2017 WL 477693, at *6 (D.N.J. Feb. 6, 2017) (granting motion for partial summary judgment where plaintiffs "failed to offer sufficient proofs to meet the burden of proof for an award of punitive damages" under New Jersey law).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, Doc. [66], is **GRANTED in part and DENIED in part** consistent with this Memorandum and Order. Defendant shall have summary judgment on the issue of punitive damages but shall not have summary judgment on the contractual limitation of liability issue.

Dated this 30th day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE